UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS BOY WINTERS, | Civil No. 14-1154 (MJD/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case was referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.    BACKGROUND

Petitioner, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, is serving a 313-month prison sentence. The United States District Court for the District of South Dakota imposed this sentence in 2004 after Petitioner plead guilty to controlled substance and

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v. Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

firearm offenses. *United States v. Winters*, 411 F.3d 967 (8th Cir. 2005), *cert. denied*, 546 U.S. 1194

(2006). The Eighth Circuit Court of Appeals in 2005 affirmed Petitioner's conviction in 2005. (*Id.*)

Petitioner later filed a motion in the trial court seeking relief from his conviction and

sentence pursuant to 28 U.S.C. § 2255. That motion was denied, and Petitioner's subsequent appeal

was voluntarily withdrawn. (Petition, [Docket No. 1], p. 2.)

In 2009, Petitioner attempted to challenge his conviction and sentence here in the District

of Minnesota, by filing a habeas corpus petition under 28 U.S.C. § 2241. *Winters v. Fischer*, Civil

No. 09-3312 (MJD/SRN), [hereafter "*Winters I*"]. That case was summarily dismissed for lack of

jurisdiction. The Court held that Petitioner's § 2241 habeas corpus petition could not be entertained,

because the only means of seeking collateral relief from his conviction and sentence was pursuant

to a motion filed in the trial court under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(e); see also *Rojas*

*v. Apker*, 470 Fed.Appx. 522, 523 (8th Cir. 2012) (unpublished opinion) ("[g]enerally, a federal

inmate's exclusive remedy for collaterally attacking the constitutional validity of his sentence is

through a 28 U.S.C. § 2255 motion filed in the sentencing court"). The summary dismissal of

*Winters I* was affirmed by the Eighth Circuit Court of Appeals on April 19, 2010, and the Supreme

Court denied Petitioner's petition for a writ of certiorari on October 4, 2010. (*Winters I*, [Docket

Nos. 14 and 18].)

Once again, Petitioner is trying to collaterally attack his 2004 federal criminal conviction and

sentence. The current habeas corpus petition presents three grounds for relief, which Petitioner has

described as follows:

      1.  "The Defendant was prejudiced when the court failed to allow the

      Defendant to provide allocution on his behalf violating Rule 32(i)(4)(A)(ii)."

2

2. "The Court failed to consider the factors under § 3553 causing a procedural error that violated the Defendant's constitutional right."

3. "The Defendant's counsel failed to review his presentence report with him and the Court failed to verify that the Defendant reviewed it with counsel, and that all arguments by Defendant were presented."

(Petition, p. 4.)

The same reasons that required *Winters I* to be dismissed compel this Court to conclude that this case must be dismissed summarily.

## II.   DISCUSSION

As explained in *Winters I*, a federal prisoner is generally precluded from challenging his original conviction or sentence in a § 2241 habeas petition. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005).

Section 2255(e) provides that –

[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner asserting a collateral challenge to his original conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence

3

under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (*per curiam*), quoting 28 U.S.C. § 2255. *See also Von Ludwitz v. Ralston*, 716 F.2d 528, 529 (8th Cir. 1983) (*per curiam*) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (*Abdullah*, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.[2]

In this case, Petitioner is attempting to challenge the validity of his 2004 federal criminal conviction and sentence in the District of South Dakota. Obviously, Petitioner believes that he should be allowed to challenge his 2004 conviction and sentence in a § 2241 habeas corpus petition. That belief must be rejected, just as it was in *Winters I*. The Report and Recommendation in that case fully explained why Petitioner cannot challenge his conviction and sentence in a § 2241 habeas petition.

As the Court explained in the previous case, Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963. Applying this rule here, the Court finds, once again, that Petitioner is not eligible for

---

[2] In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. See 28 U.S.C. §§ 2244(b)(3) and 2255(h).

the § 2255 savings clause, because the claims advanced in his current petition could have been raised on direct appeal, or in a § 2255 motion. Petitioner cannot claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current grounds for relief in his direct appeal or his prior § 2255 motion. *See Hill*, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

## III.   CONCLUSION

In sum, Petitioner has failed to show that § 2255 is an inadequate or ineffective remedy for any of the claims raised in his current § 2241 habeas corpus petition. All of those claims were known on the day that Petitioner was sentenced, and all of those claims could have been raised on direct appeal or in a § 2255 motion. Because Petitioner is unable to show that § 2255 is an inadequate or ineffective remedy for his current claims for relief, his current petition – just like the petition in *Winters I* – is barred by the § 2255 exclusive remedy rule. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); *Abdullah*, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1),

be **DENIED**; and

2.  This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: May 12, 2014

                                      S/Steven E. Rau
                                    STEVEN E. RAU
                                    United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 27, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.